where nothing more is shown than different citizenship at one stage of the proceedings, and the same suits to be removed at another stage, when prejudice, local influence or other matter is shown. Now, this is precisely what is accomplished by the joint operation of the act of 1875 and subdivision 3. The former requires the application for the removal of all suits, including a suit between a citizen of the state in which it is brought and a citizen of another state, when nothing more than different citizenship appears, to be made before or at the time at which the cause could be first tried. The latter allows the application for removal of such a suit to be made at any time before trial or final hearing, when it also appears that the applicant is not a citizen of the state wherein the suit is brought, and that, owing to prejudice or local influence, he could not obtain justice in the state court. But were the consistency between the act of 1875 and of subdivision 3 less apparent, I should still be constrained, in view of the leaning of courts against implied repeals, to hold that the latter is still in force.

"To repeal a statute by implication, there must be such positive repugnancy between the provisions of the new law and the old, that they cannot stand together or be consistently reconciled." Wood v. U. S., 16 Pet. [41 U. S.] 342; McCool v. Smith, 1 Black [66 U. S.] 459; U. S. v. Tynen, 11 Wall. [78 U. S.] 92; Hartford v. U. S., 8 Cranch [12 U. S.] 109; Brown v. County Com'rs, 21 Pa. St. 37; Bowen v. Lease, 5 Hill, 221; Daviess, etc., v. Fairbairn, etc., 3 How. [44 U. S.] 639; Potter's Dwar. St. 154; Sedg. St. & Const. Law, 129. In Wood v. U. S., Mr. Justice Story said: "There must be a positive repugnancy between the provisions of the new laws and those of the old; and, even then, the old law is repealed by implication only pro tanto to the extent of the repugnancy." In McCool v. Smith, Mr. Justice Swayne, quoting Mr. Sedgwick, said: "A repeal by implication is not favored." "The leaning of the courts is against the doctrine, if it be possible to reconcile the two acts of the legislature together." Mr. Dwarris says: "Every affirmative statute is a repeal of a precedent affirmative statute when its matter necessarily implies a negative, but only so far as it is clearly and indisputably contradictory and contrary to the former act in the very matter (Foster's Case), and the repugnancy such that the two acts cannot be reconciled."

A citation of these authorities was hardly necessary to support the argument in this case. The provisions of the act of 1875, and those of subdivision 3, have been shown to be perfectly consistent. The latter, therefore, must be held to remain unrepealed without invoking any technical rule of construction, or relying on the disfavor in which the courts hold implied repeals; but I have not thought such citation entirely out of place, since, if doubt remains in the mind of any one after reading the preceding abstract decision, it must be dispelled on considering the authorities.

Let an order be entered overruling the plaintiff's motion.

———

COOKE (GRAHAME v.). See Case No. 5,-678.

COOKE (HARPER v.). See Case No. 6,086.

COOKE (MAYOR & COMMONALTY v.). See Case No. 9,358.

———

## Case No. 3,174.
### COOKE v. MYERS.
[1 Cranch, C. C. 6.][1]

Circuit Court, District of Columbia.  April Term, 1801.

ACTION AGAINST ASSIGNEE OF LEASE—PROOF OF ASSIGNMENT.

In debt, by the lessor against the assignee of the lessee, the plaintiff is not bound to show an assignment by deed acknowledged or proved and recorded agreeably to the fourth section of the act of 13th December, 1792, "for regulating conveyances."

Debt for rent, by [Stephen Cooke] lessor against [William Myers] assignee of lessee.

The plaintiff produced a paper signed by the defendant, in which he agreed to take the residue of Thompson's lease, and bound himself to Thompson in the penal sum of ———— to pay all the rents which should become due to the plaintiff, Dr. Cooke, upon his lease to Thompson.

Mr. Swann, for defendant, objected that it was not competent evidence to prove an assignment from Thompson to Myers, and cited the act of assembly, p. 165 (Ed. 1803, p. 157).

Mr. Simms, for plaintiff, cited 1 Esp. 247 (Large Ed. 220); Cotes v. Wade, 1 Lev. 190; Pitt v. Russel, 3 Lev. 19; and Watson v. Alexander, 1 Wash. [Va.] 351,—and insisted that the paper produced was in this case evidence proper and competent to go to the jury, to prove an assignment; and of such opinion was THE COURT.

Mr. Swann took a bill of exceptions, but never carried the cause to the supreme court.

———

## Case No. 3,175.
### COOKE v. MYERS.
[1 Cranch, C. C. 166.][1]

Circuit Court, District of Columbia.  June Term, 1804

COSTS OF MOTION.

Upon a judgment on motion upon a replevy bond for rent, the plaintiff is entitled to costs of the motion.

———

[1] [Reported by Hon. William Cranch, Chief Judge.]